UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>v.<br><br>TRAYVALE HARRISON, RANDELL BURGE, PHILLIP SHIEL,<br><br>                        Defendants. | Case No. 2:18-cr-00144-JAD-GWF<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: Motion to Dismiss (ECF No. 81)** |

This matter is before the Court on Defendant Randell Burge's Motion to Dismiss Counts Three, Five, Seven and Nine of the Indictment (ECF No. 81), filed on June 26, 2018. Co-Defendants Trayvale Harrison and Phillip Shiel filed Joinders (ECF Nos. 85 and 86) in the motion and their joinders have been granted. The Government filed its Response (ECF No. 88) on July 10, 2018. The Court conducted a hearing in this matter on July 26, 2018.

## BACKGROUND

Defendants are charged in Count One of the indictment with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C.§ 1951. *Indictment* (ECF No. 51). Some or all of the defendants are charged in Counts Two, Four, Six and Eight with interference with commerce by robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2, for robberies that were allegedly committed on June 5, July 5, August 14, and August 25, 2017. They are also charged in Counts Three, Five, Seven and Nine with brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii), and 18 U.S.C. § 2. Defendants move to dismiss Counts Three, Five, Seven and Nine on the grounds that the term "crime of violence" as used in 18 U.S.C. § 924(c)(1)(A) is unconstitutionally vague and violates their rights to due process of law under the Fifth Amendment to the United States Constitution.

1

**DISCUSSION**

18 U.S.C. § 1951(a), the Hobbs Act, states that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."  18 U.S.C. § 1951(b) defines robbery as the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."

18 U.S.C. § 924(c)(1)(A)(ii) provides an enhanced prison sentence for a person who brandishes a firearm during and in relation to any crime of violence.  18 U.S.C. § 924(c)(3) defines a "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subparagraph (A) of § 924(c)(3) is referred to as the "force clause" or "elements clause." Subparagraph (B) is referred to as the "residual clause."

In *Sessions v. Dimaya*, --- U.S. ---, 138 S.Ct. 1204 (2018), the Supreme Court held that a substantially identical definition of "crime of violence' in the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague.  *Dimaya* follows the Court's decision in *Johnson v. United States*, 576 U.S. ---, 135 S.Ct. 2551 (2015) (*Johnson II*) which held that a similar residual clause definition in 18 U.S.C. § 924(e) was void for vagueness.

2

1    Several Courts of Appeal have recently held that Hobbs Act robbery constitutes a "crime
2 of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A). *United States v. Hill*, 890 F.3d
3 51 (2nd Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir. 2017); *United States*
4 *v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *Diaz v. United States*, 863 F.3d 781, 783–84
5 (8th Cir. 2017); and *United States v. St. Hubert*, 883 F.3d 1319, 1328–29 (11th Cir. 2018). In
6 *United States v. Howard*, 650 Fed.Appx. 466, 467–68 (9th Cir. 2016) (memorandum decision),
7 the Ninth Circuit also stated that Hobbs Act robbery is a "crime of violence" under 18 U.S.C. §
8 924(c)(3)(A). A finding that the offense constitutes a crime of violence under the force clause,
9 obviates the need to decide whether the residual clause is void for vagueness.
10   In determining whether Hobbs Act robbery is a crime violence, the courts employ the
11 "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143,
12 109 L.Ed.2d 607 (1990), *Mathis v. United States*, — U.S. —–, 136 S.Ct. 2243, 2248–49 (2016),
13 and *Descamps v. United States*, 570 U.S. 254, 257, 133 S.Ct. 2276 (2013). *Hill*, 890 F.3d at 55.
14 Under the categorical approach, the court identifies the minimum criminal conduct necessary for
15 conviction under the statute, and considers only the statutory elements of the offense, not the
16 particular facts alleged against the defendant. *Id.* (citing *Descamps*, 570 U.S. at 261, 133 S.Ct.
17 2276). In order to find that an offense does not categorically constitute a crime of violence, there
18 must be "a realistic probability, not a theoretical possibility," that the statute could be applied to
19 conduct that does not fall within the definition of crime of violence in the force clause. *Id.*
20 (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815 (2007)). To show that a
21 particular reading of the statute is realistic, the defendant must, at least, point to his own case or
22 to other cases in which courts have applied the statute in the manner for which the defendant
23 argues.
24   The court in *Hill* rejected the argument that Hobbs Act robbery can be committed by
25 putting the victim in fear of injury to his property through non-forceful means. The court stated
26 that this argument rested on a flawed reading of *Johnson v. United States*, 559 U.S. 133, 130
27 S.Ct. 1265 (2010) (*Johnson I*). *Hill* noted that in *Johnson I*, the Supreme Court "declined to
28 construe 'physical force' for the purposes of § 924(e)(2)(B)(i) in line with the common-law

3

crime of battery, which deemed the element of 'force' to be satisfied 'by even the slightest offensive touching.'" *Id.* at 57 (citing *Johnson*, at 559 U.S. at 139). The Supreme Court, however, did not construe § 924(e)(2)(B)(i) to require that a particular quantum of force be employed or threatened to satisfy the physical force requirement. Instead, the Court stated that "physical force" as used in § 924(e)(2)(B)(i) means simply "'*violent* force—that is, force capable of causing physical pain or injury to another person.'" *Id.* (quoting *Johnson*, at 559 U.S. at 140). Assuming that the reasoning in *Johnson I* applies to the construction of § 924(c)(3)(A), *Hill* states that "physical force" means no more nor less than force capable of causing physical pain or injury to a person or injury to property. *Id.* at 58.

The court also rejected the argument that an individual can commit a Hobbs Act robbery, without using or threatening the use of physical force, such as by putting the victim in fear of injury by threatening to withhold vital medicine from the victim or to poison him. The court rejected these hypotheticals as insufficient because a defendant is required to point to his own case or to other cases in which courts have actually applied the statute to such conduct. Even if there is a realistic probability that the Hobbs Act can reach such hypothetical conduct, the court held that it would satisfy § 924(c)(3)(A)'s definition of a crime of violence. The court noted that in *United States v. Castleman*, 572 U.S. 157, 134 S.Ct. 1405, 1414-15 (2014), the Court made clear that physical force encompasses even its indirect application, such as when a battery is committed by administering a poison. "That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id.* *Hill* concludes that the taking of personal property by physical force or the threat of physical force is required for Hobbs Act robbery, and that such threat of physical force can be accomplished by placing the victim in fear of injury at the point of a gun or by other menacing conduct. The court agreed with all of the circuits, which have addressed the issue, that Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). *Id.* at 57-60.

In *United States Gooch*, 850 F.3d 285, 291 (6th Cir. 2017), the court held that 18 U.S.C. § 1951(a) is a divisible statute, as defined in *Mathis v. United States*, --- U.S. ---, 136 S.Ct. 2243,

4

225) (2016), with respect to interference with commerce by robbery versus interference with commerce by extortion. Therefore, the fact that the statute can be violated by means of extortion that do not involve the use or threatened use of physical force, does not require the conclusion that interference with commerce by robbery is not a crime of violence.

In this case, Defendants make the generalized assertion that 18 U.S.C. § 924(c)(3) is unconstitutionally vague. They have not attempted to make any showing that Hobbs Act robbery can be committed without the use or threatened use of physical force against a person or property. Nor have they attempted to show that the Courts of Appeals decisions, and the numerous district court decisions, which have held Hobbs Act robbery to be a categorical crime of violence under the "force clause" are incorrect. Hobbs Act robbery is a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A). Accordingly,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss Counts Three and Five of the Indictment (ECF No. 81) be **denied**.

DATED this 9th day of August, 2018.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**